UNITED STATES v. LA FETRA (two cases). SAME v. PASSAVANT & CO.

SAME v. TREFOUSSE, GOGUENHEIM & CO.

(Circuit Court, S. D. New York. May 19, 1909.)

Nos. 5,287–5,289, 5,295.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—LEATHER GLOVES—"SINGLE STRANDS OR CORDS."

Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 445, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1677), relating to gloves stitched with more than "three single strands or cords," does not include gloves having but three points each, each point having three distinct rows of stitching, though the stitching shows nine chains of embroidery on the outside of the backs of the gloves and nine single rows of stitching on the inside.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

One of the decisions below is reported as G. A. 6,757 (T. D. 28,-966). The property in controversy consists of embroidered gloves, which are described as follows by the board:

"The style of embroidery in issue is illustrated by Exhibits A, B, and C, which show three points each; each point having three distinct rows of stitching. Such stitching shows nine easily distinguishable chains of embroidery on the outside of the backs of the gloves, and nine single rows of stitching on the inside of the backs thereof."

Addison S. Pratt, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, Jr., of counsel), for importers.

PLATT, District Judge. Gloves exactly like those covered by these protests have been passed upon by this court in Trefousse et al. v. United States (C. C.) 144 Fed. 708, T. D. 27,023, and were found not to be subject to the cumulative duty of 40 cents per dozen pairs provided for in the latter part of paragraph 445 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 193, [U. S. Comp. St. 1901, p. 1677]). That decision should stand unless the government has succeeded in showing that such gloves as these were uniformly, commonly, and generally known in the trade of the country as being "stitched or embroidered with more than three single strands or cords." The government's own witness, Bolles, who appears to have been competent to testify, says very plainly, and repeats it again and again, that in the trade and commerce of this country prior to 1897 these goods would have been known as "three-strand embroidered gloves." The other witnesses for the government are of more or less competency and have all kinds of ideas about the matter. I am bound to say, after a careful examination of the record, that the government has not sustained the contention upon which it embarked. This being so, the former decision, which seems to have been based upon a common-sense interpretation of the latter portion of paragraph 445, ought to prevail.

The decision of the board is affirmed.