FIELD *et al. v.* UNITED STATES (No. 1416).[1]

1. ARROW-POINT GLOVES—EMBROIDERED LEATHER GLOVES.

These gloves with so-called arrow-point embroidery are made with a machine carrying a single needle but two threads, stitching up and down the back, and the arrow points are produced by handwork. Whether they were subject to the additional duty provided for by paragraph 459, tariff act of 1909, is to be determined not by the number of rolls or lines of stitching or embroidery but by the number of strands or threads employed in producing the effect; and here, owing to the fact that only two threads were employed, the provision for additional duty can not apply.

2. STRANDS—CORDS—THREADS.

The uniform course of opinion with the courts is that these words were, as used in this connection, namely, "strands," "cords," and "threads," equivalent in meaning.

United States Court of Customs Appeals, January 15, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35604 (T. D. 34459).
[Reversed.]

*Curie, Smith, & Maxwell* (*Thomas M. Lane* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain gloves, designated in the invoice as "arrow point," were classified by the collector of customs at the port of New York as "leather gloves embroidered with more than 3 single strands or cords" and were accordingly assessed with the additional duty of 40 cents per dozen pairs provided by that part of paragraph 459 of the tariff act of 1909 which reads as follows:

459. In addition to the foregoing rates there shall be paid the following cumulative duties: * * *; on all gloves stitched or embroidered, with more than three single strands or cords, forty cents per dozen pairs.

The importers protested that the gloves in question were not stitched or embroidered with more than three single strands or cords, and that therefore they were not subject to the additional duty imposed by the collector.

The Board of General Appraisers overruled the protest, and the importers appealed.

On the backs of the gloves in controversy three distinct raised effects have been produced by creasing and stitching the leather of the glove longitudinally into the form of three unnotched arrows. The shaft of each arrow is ornamented on both sides by a single line of stitching in red thread. The shaft and ornamental stitching are produced by a one-needle machine, carrying one thread for the needle and another for the bobbin. The raised barbs of the arrow are made by creasing the leather about three-eighths of an inch below the point of the shaft and stitching the crease together by hand.

In support of their appeal the importers contend, first, that the ornamental stitching on the back of the gloves was done by a machine carrying a single needle and but two threads, and that, therefore, under the principle established in the case of United States v. Wertheimer & Co. (4 Ct. Cust. Appls., 338; T. D. 33528), such gloves can not be considered as stitched or embroidered with more than three single strands; second, that the raised effects produced by folding and stitching the leather together are not cords within the meaning of paragraph 459, and that even if they could be so regarded they do not exceed three in number and, consequently, do not bring the merchandise within the classification of gloves stitched or embroidered with more than three cords.

The Government, on its part, argues, first, that the word "strands," as that term is used in paragraph 459, relates to the number of lines of stitching or embroidery on the back of the glove and not to the number of threads by which that effect was accomplished; second, that the word "cords" as used in the paragraph is not synonymous with "strands," but signifies a raised effect made by creasing and stitching together the leather into the form of a rib or cord; third, that the shafts and barbs of the "arrows" must be counted as separate raised effects, and that, therefore, the gloves are embellished with at least 9 cords; fourth, that each thread employed in stitching the creases together must be counted as 2 strands, and that as there are 9 such creases, the gloves, excluding the 6 lines of ornamental stitching, are stitched with 18 single strands.

The board and the courts have repeatedly held that whether leather gloves were or were not to be subjected to the additional duty of 40 cents per dozen pairs was to be determined not by the number of rows or lines of stitching or embroidery but by the number of strands or threads employed in producing the effect. *In re* Robinson (T. D.

19945); United States *v.* Robinson (124 Fed., 1013); Trefousse *v.* United States (144 Fed., 708, affirmed by the Circuit Court of Appeals, 154 Fed., 1005); United States *v.* Le Fetra (172 Fed., 297).

These decisions, which were had under the tariff act of 1897, were approved and ratified by Congress by the reenactment of the interpreted provision in the tariff act of 1909.

As the lines of stitching on the gloves involved in this case were made by a one-needle machine, carrying one thread for the needle and one for the bobbin, we think it is clear that they were not stitched or embroidered with more than three single strands or threads, and that, therefore, under the decision of this court in United States *v.* Wertheimer (4 Ct. Cust. Appls., 338, 343; T. D. 33528), the first and fourth contentions of the Government can not be sustained.

That brings us to the consideration of whether the Government's claim that the raised effects produced on the gloves by creasing the leather and stitching it together are cords within the intention of paragraph 459. Leaving to one side the consideration that gloves could hardly be stitched or embroidered with a crease, and conceding for the moment that stitched or embroidered with cords means stitched or embroidered into something resembling a cord or into such cords or ribs as are found in corduroys and other textiles, we are at a loss to understand by what process of reasoning the conclusion is reached that the three arrows constituting the raised effects on the back of the gloves in question must be regarded as cords within that definition. The arrows neither resemble a cord nor give the impression of the cords or ribs which are characteristic of certain kinds of textiles.

But however that may be, we do not think that the term "cords" can be given the signification for which the Government contends without disregarding the long line of decisions which have received legislative approval and which have persistently regarded "strands" and "cords" as designations for the filaments or threads used to embellish the backs of gloves.

In T. D. 10910 the Board of General Appraisers, it is true, described the gloves which were there in controversy as gloves having "three pairs of plain raised cords, some of the cords ending in what are termed spear points." In the very same decision, however, the board held that the strands or cords referred to in paragraph 458 of the tariff act of 1890 were strands or cords of embroidery, and in effect held that a plain cord was not embroidery. In T. D. 12103 the board reaffirmed its holding that plain, smooth, straight cords raised on the backs of gloves were not embroidery, and that gloves having such effects were not subject to the cumulative duty prescribed by paragraph 458.

In Wertheimer *v.* United States (77 Fed., 600), however, it was flatly held by the Circuit Court that, as used in paragraph 458,

"strands" or "cords" meant *strands* or *cords* of the embroidery and not the three lines or points of the material raised up and sewed through and through.

Under paragraph 445 of the tariff act of 1897, which amended paragraph 458 of the tariff act of 1890 so as to read "on all gloves stitched or embroidered, with more than three single strands or cords, forty cents per dozen pairs," it was held in United States *v.* Robinson (124 Fed., 1013) that gloves having "three rows of embroidery each of a single cord passing more than once throughout the decoration," were not subject to the cumulative duty prescribed by the paragraph. This decision, acquiesced in by the Government, was based on the fact that although each row of embroidery had more than one line of stitching, but one thread or cord was used in making it. In reaching that conclusion it was of course necessary to hold that "cord" meant thread, and not a raised effect produced by creasing the leather.

The Robinson case to the contrary notwithstanding, it was again decided by the board in T. D. 25038 that a cord as understood in the glove trade was an embellishment on the back of a glove produced by creasing the leather longitudinally and the oversewing of the same with a silk thread. On the evidence adduced, the board found that, commercially speaking, a "strand" was synonymous with the term "row of embroidery," and that a "cord" was stitched and a "strand" embroidered. (Contra, T. D. 28966.) It will be noted, however, that the board confined the term "cord" to the creased leather which was *oversewn with silk thread*, and that a plain crease was apparently not included within the trade designa tion. Indeed, plain, smooth, raised effects such as are found in the goods here in controversy have never been held either by the Board of General Appraisers or by the courts to be cords within the contemplation of any provision imposing additional duty on gloves stitched or embroidered with more than three strands or cords.

In Trefousse *v.* United States (144 Fed., 708) the court expressly refused to approve the rule laid down by the board in T. D. 25038, and declared that the Robinson case should have been followed, and held that the gloves having on the back three rows of embroidery "produced by a needle with only one cord or strand of thread" were not stitched or embroidered with more than three single strands or cords. The decision of the Circuit Court was affirmed by the Circuit Court of Appeals in United States *v.* Trefousse (154 Fed., 1005).

United States *v.* La Fetra (172 Fed., 297) and United States *v.* La Fetra (178 Fed., 1006) reaffirmed the doctrine of the Robinson and Trefousse cases, and from that it may well be concluded that the meaning of the words "strands" and "cords," as used in paragraph 445 of the tariff act of 1897, was judicially settled. When it came to

the passage of the tariff act of 1909, that part of paragraph 445 of the act of 1897 which imposed on gloves an additional duty of 40 cents per dozen pairs was reenacted in identical language as paragraph 459, and that reenactment, we think, must be accepted as a legislative approval of the interpretation given to the provision by the courts.

The decision of the Board of General Appraisers is *reversed.*